Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanbuck.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanbuck.com
**THIERMAN BUCK**
325 W. Liberty Street
Reno, Nevada 89501
Tel. (775) 284-1500
Fax. (775) 703-5027

Gregg I. Shavitz (Pro Hoc Vice Application Forthcoming)
gshavitz@shavitzlaw.com
Paolo Meireles (Pro Hoc Vice Application Forthcoming)
pmeireles@shavitzlaw.com
Tamra Givens (Pro Hoc Vice Application Forthcoming)
tgivens@shavitzlaw.com
**Shavitz Law Group, P.A**.
622 Banyan Trail, Suite 200
Boca Raton, FL 33431
(561) 447-8888

*Attorneys for Plaintiff*
*and the Putative Classes*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

FELIPE BURCIAGA, on behalf of himself and all others similarly situated,

Plaintiff,

v.

GOETTL HOME SERVICES, LLC d/b/a GOETTL AIR CONDITIONING AND PLUMBING,

Defendant.

Case No.:

**COLLECTIVE AND CLASS ACTION COMPLAINT**

1) Failure to Pay Overtime in Violation of the Fair Labor Standards Act, 29 U.S.C., §207(a)(1);

2) Failure to Pay Overtime in Violation of Cal. Labor Code §§ 510, 1194, and IWC Wage Order Nos. 4-2001 and 7-2001;

3) Failure to Provide Meal and Rest Breaks in Violation of Cal. Labor Code §§ 218.5, 226.7, 512, 1198, and IWC Wage Order Nos. 4-2001 and 7-2001;

4) Failure to Timely Pay All Wages Due and Owing in Violation of Cal. Labor Code §§ 201, 202, 203, 204 and 210;

5) Failure to Pay Earned Wages Upon Discharge in Violation of Cal. Labor Code §§ 201, 202 and 203;

6) Failure to Provide Accurate Wage Statement in Violation of Cal. Labor Code §§ 226(a) and 226.3;

7) Failure to Keep Requisite Payroll Records in Violations of Cal. Labor Code §§ 1174(d) and 1174.5;

8) Failure to reimburse Business Expenses in Violation of Cal. Labor Code § 2802 and Cal. Wage Order No. 4-2001;

9) Unlawful, Unfair and/or Deceptive Business Practices in Violation of Cal. Bus. & Prof. Code § 17200, *et seq.*

**JURY TRIAL DEMANDED**

COMES NOW Plaintiff FELIPE BURCIAGA, on behalf of himself and all others similarly situated brings this Collective and Class Action Complaint against Defendant GOETTL HOME SERVICES, LLC d/b/a GOETTL AIR CONDITIONING AND PLUMBING ("Goettl" or "Defendant") as follows:

All allegations in this Complaint are based upon information and belief except for those allegations that pertain to the Plaintiff named herein and his counsel. Each allegation in this complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery

## I. <u>JURISDICTION AND VENUE</u>

1. This Court has subject-matter jurisdiction over the action pursuant to 29 U.S.C. § 216(b), which provides that a suit under the FLSA "may be maintained against any employer … in any Federal of State Court of competent jurisdiction."

2. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under the FLSA and also pursuant to 28 U.S.C. § 1332(a)(1), because the matter in controversy in this civil action exceeds $75,000.00, exclusive of interest and costs, and the parties are residents of different states.

3. This Court has original jurisdiction over the state law claims alleged herein pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2), because: (i) the aggregate amount in controversy for the state law class claims exceeds $5,000,000.00, (ii) there are more than 100 state law class members, and (iii) at least one state law class member is diverse from Defendant.

4. This Court has supplemental jurisdiction over the California state law claims under 28 U.S.C. § 1367(a) because they are so related to this action that they form part of the same case or controversy.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391. At all material times, Defendant's headquarters and principal place of business is in Nevada and within the geographic location encompassing the District of Nevada.

## II. PARTIES

### A. Plaintiff

6. Plaintiff Felipe Burciaga resides in Escondido, California. From approximately November 2021 through approximately November 2022, Plaintiff was employed by Defendant as a Technician in Vista, California.

7. Plaintiff was paid an hourly rate of approximately $27.00 per hour.

8. Plaintiff's regularly scheduled shift was approximately six shifts per week, for 10 hours per shift, from 7:00 a.m. to 5:00 p.m.

9. Throughout his employment, Plaintiff regularly worked more than 40 hours in a workweek without pay for all of his overtime hours. For example, during each of the weeks of February 6, 2022, March 20, 2022 and April 17, 2022, Plaintiff worked in excess of 40 hours (at least 60 or more hours), five to ten hours each week of which were without compensation.

10. Plaintiff's written consent to join this action is attached. *See* **Exhibit A**.

11. At all relevant times, Plaintiff Burciaga had been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**B. Defendant**

12. Goettl is a Delaware corporation with its principal place of business in Las Vegas, Nevada.

13. Goettl operates throughout the Southwestern United States, including Nevada, California, Arizona and Texas.

14. Goettl does business under the trade name Goettl Air Conditioning & Plumbing.[1]

15. Goettl directly or indirectly owns several subsidiaries, including Peach Home Services, LLC, Las Vegas Peach, LLC, Austin Air Rescue, LLC and Phoenix Peach, LLC.[2] Goettl's role in relation to its subsidiaries is more than that of simply a corporate parent company. Goettl plays an active role in the employment and working conditions of Technicians. Thus, Goettl and its subsidiaries operate an integrated enterprise such that Goettl may be considered Plaintiff's joint employer and the joint employer of the FLSA Collective and California Class.

16. Goettl advertises job openings on its website, including to Technicians, which currently lists numerous job openings in Nevada and elsewhere.[3] The job notices state that "Goettl is an Equal Opportunity Employer and Prohibits Discrimination and Harassment of Any Kind."[4] The job notices advised that in "Your Role as an HVAC Service Technician," you will be responsible for "[e]nsuring all work is completed safely, efficiently, and in accordance with Goettl's high standards."[5]

17. Goettl is a covered employer within the meaning of the FLSA because, among other things, it employs individuals, including Plaintiff, who are engaged in interstate commerce or in the production of goods for interstate commerce or engaged in handling, receiving, selling,

---

[1] *See, e.g.*, https://www.goettl.com/ (last visited July 9, 2025); https://www.linkedin.com/company/goettl/ (last visited July 9, 2025).

[2] *See* https://www.goettl.com/privacy-policy-and-terms-of-service/ (last visited July 3, 2025).

[3] *See* *https://goettl.rec.pro.ukg.net/GOE1500GTTL/JobBoard/5985a66c-1071-47d3-bd15-667dc7a95cbf/?q=technician&o=relevance* (last visited July 9, 2025).

[4] *See, e.g.*, https://goettl.rec.pro.ukg.net/GOE1500GTTL/JobBoard/5985a66c-1071-47d3-bd15-667dc7a95cbf/OpportunityDetail?opportunityId=61ffc534-c19c-4bac-97a4-3a94e37d6f28 (last visited July 9, 2025).

[5] *Id.*

or otherwise working on goods or material that have been moved in or produced for interstate commerce.

18. At all relevant times, Goettl has had gross revenues exceeding $500,000.00.

19. At all relevant times, Goettl has done business under the laws of the State of Nevada, has places of business in the State of Nevada, including in this judicial district, and has employed Technicians in Nevada.

20. Goettl is a an "employer" as defined by the Cal. Code Regs., tit. 8, § 11140, subd. 2(C) and interpreted in *Martinez v. Combs*, 49 Cal. 4th 35, 231 P.3d 259 (2010), *as modified* (June 9, 2010), and were actively engaged in the conduct described herein. Goettl was also Plaintiff's "employer" as defined by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203(d). Throughout the relevant period, Goettl employed Plaintiff and similarly-situated Technicians within the meaning of the FLSA and the California Labor Code.

## III. FACTUAL ALLEGATIONS

21. Upon information and belief, human resources employees staffed by Goettl oversee the employment of all FLSA Collective and California Class members, including Plaintiff and all Technicians, performing human resources tasks such as issuing offer and termination letters on behalf of Goettl.

22. Upon information and belief, Goettl has access to the personnel records of all Technicians, including Plaintiff and all members of the FLSA Collective and California Class.

23. Upon information and belief, Goettl creates and disseminates a corporate-wide employee handbook applicable to all employees of Goettl, including all of its subsidiaries, titled the "Goettl Employee Handbook."

24. Upon information and belief, employment policies, practices, and procedures applicable to all FLSA Collective and California Class members, including Plaintiff, are created and disseminated by Goettl.

25. Goettl applies the same employment policies, practices, and procedures to all Technicians nationwide.

26. Upon information and belief, Goettl issues Technicians their offer letters of employment, describing the terms and conditions under which they are employed, and termination of employment letters.

27. Upon information and belief, Goettl created and disseminated forms to all FLSA Collective and California Class members, including Plaintiff, which Goettl directed and required that they utilized during the course of their employment as Technicians.

28. At all relevant times, Goettl has directed the work of Technicians, including Plaintiff and members of the FLSA Collective and California Class and benefited from the work performed that Goettl suffered or permitted from them.

29. At all relevant times, Goettl employed or acted in the interest of an employer towards Plaintiff and other similarly situated current and former Technicians and, among other things, maintained control, oversight and direction over Plaintiff and other Technicians, including with respect to timekeeping, payroll and other employment practices that applied to them.

## IV. COMMON FACTUAL ALLEGATIONS

30. Goettl is a provider of HVAC and plumbing services.

31. As part of its workforce, Goettl employs Technicians whose duties include diagnosing and performing repairs of Goettl's customers' air conditioning and plumbing systems.

### A. Goettl's Unlawful Off-the-Clock Policies

32. Goettl requires its Technicians to record the start and end time of their scheduled shifts using the Service Titan application on a company-provided tablet.

33. Goettl discouraged Plaintiff and the similarly situated Technicians from reporting all worktime, including time worked before and after their scheduled shifts and during unpaid meal breaks.

34. Specifically, Goettl does not compensate Technicians for certain work performed prior to the beginning of their regularly scheduled shift and before they begin servicing customers, including reviewing job descriptions in the Service Titan application to determine whether any parts are needed to complete assigned repairs, reviewing any pertinent information

such as whether there have been prior repairs on the unit at issue or whether other Technicians have performed any diagnostics or repairs on the unit at issue, calling other Technicians to get additional information and/or ask any questions regarding prior diagnostics and repairs, calling customers to let them know their estimated time of arrival, determining whether parts are available and locating such parts including searching for and ordering parts online, phone calls to plumbing supply stores to check availability of parts, and arranging for pick up and/or shipping of parts, handling phone calls from other Technicians and customers, and fueling their vehicles in order to complete their required functions as an HVAC and plumbing technician. This pre-shift work could and did take up to one or more hours each shift.

35. After the end of their regularly scheduled shift, Goettl does not compensate Technicians for certain work performed including following up with plumbing supply stores to check availability of parts and arranging for pick up and/or shipping of parts needed to complete assigned repairs, handling phone calls from other Technicians and customers on assigned repairs and fueling their vehicles. This post-shift work could and did take up to one or more hours each shift.

36. These pre- and post-shift activities are uniquely related to the required function of an HVAC and plumbing technician and are performed as part of the regular work of Plaintiff and the similarly situated Technicians. Plaintiff and similarly situated Technicians cannot perform their work on behalf of Goettl without performing these integral and indispensable tasks.

37. All work performed by Plaintiff and the members of the FLSA Collective and California Class was assigned by Goettl, who is aware of the work performed.

38. Goettl knew or should have known that Plaintiff and the similarly situated Technicians worked off-the-clock to complete their assigned tasks. Nonetheless, Goettl required Plaintiff and the similarly situated Technicians to complete their assigned work without pay.

39. Goettl maintained a common, uniform, and widespread policy and practice of paying Plaintiff and the members of the FLSA Collective without regard to the actual number of hours worked, including overtime hours worked.

40. Goettl's unlawful conduct, as described above, was willful and/or in reckless disregard of the applicable wage and hour laws pursuant to Goettl's centralized, company-wide policy and/or practice of attempting to minimize labor costs by violating the FLSA and California law.

41. Goettl's conduct was knowing, willful, carried out in bad faith, and caused significant damages to Plaintiff, FLSA Collective members and California Class members in an amount to be determined at trial. Defendant did not take requisite steps to ensure that Plaintiff, FLSA Collective members and California Class members were paid for all time worked.

42. Plaintiff is informed, believes, and thereon alleges that Goettl's unlawful conduct has been widespread, repeated, and consistent as to the FLSA Collective members and California Class members throughout Defendant's operations nationwide.

43. Due to the foregoing, Goettl's failure to pay regular rate and, where applicable, overtime wages for all work performed by Plaintiff, FLSA Collective members and California Class members was willful.

**B. <u>Goettl's Unlawful Meal and Rest Break Policies</u>**

44. In addition, Goettl requires Technician's time records reflect a meal break for which they are not compensated despite Technicians being frequently unable to take a bona fide meal break. Pursuant to Goettl's policies, Technician's time records must reflect a 30-minute meal break each day. However, due to Technician's work volume and flow, in order to get to all of their scheduled appointments and timely complete the assigned repairs, Technicians are often unable to take a meal break and must instead eat lunch, if any, while driving between appointments. Notwithstanding, Technicians are required to reflect that a meal break has been taken.

45. Goettl discouraged Plaintiff and the similarly situated Technicians from reporting all overtime, including time worked before and after their scheduled shifts and during unpaid meal breaks.

46. All work performed by Plaintiff and the members of the FLSA Collective and California Class was assigned by Goettl, who is aware of the work performed.

47. Goettl knew or should have known that Plaintiff and the similarly situated Technicians were entitled to meal periods in accordance with the Labor Code or payment of one (1) additional hour of pay at their regular rate of pay when they were not provided with timely, uninterrupted, thirty (30) minute meal periods. Plaintiff and the similarly situated Technicians were not provided with all meal periods or payment of one (1) additional hour of pay at their regular rate of pay when they did not receive a timely, uninterrupted, thirty (30) minute meal period.

48. Defendant knew or should have known that Plaintiff and other similarly-situated Technicians were entitled to rest periods in accordance with the Labor Code or payment of one (1) additional hour of pay at their regular rates of pay. Plaintiff and other similarly-situated Technicians were not provided compliant rest periods or payment of one (1) additional hour of pay at their regular rates of pay when they were not provided a compliant rest period.

49. Goettl maintained a common, uniform, and widespread policy and practice of paying Plaintiff and the members of the FLSA Collective without regard to the actual number of hours worked, including overtime hours worked.

50. Goettl's unlawful conduct, as described above, was willful and/or in reckless disregard of the applicable wage and hour laws pursuant to Goettl's centralized, company-wide policy and/or practice of attempting to minimize labor costs by violating the FLSA and California law.

51. Goettl's unlawful conduct has been widespread, repeated, and consistent.

52. Goettl's conduct was knowing, willful, carried out in bad faith, and caused significant damages to Plaintiff, FLSA Collective members and California Class members in an amount to be determined at trial. Goettl did not take requisite steps to ensure that Plaintiff, FLSA Collective members and California Class members were paid for all time worked.

53. Plaintiff is informed, believes, and thereon alleges that Goettl's unlawful conduct has been widespread, repeated, and consistent as to the FLSA Collective member and California Class members throughout Defendant's operations nationwide.

## V. COLLECTIVE ACTION ALLEGATIONS

54. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

55. Plaintiff brings the First Cause of Action (the FLSA claim) as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and a proposed collective of similarly situated employees defined as:

> All current and former employees of Defendant working as Technicians, however variously titled, anywhere in the United States at the start of their employment at any time from three years prior to the filing of this Complaint, as may be extended by equity, agreement of the Parties, or Court order, through resolution of this action (the "FLSA Collective").[6]

56. With regard to the conditional certification mechanism under the FLSA, Plaintiff is similarly situated to those he seeks to represent for the following reasons, among others:

57. Plaintiff and other Technicians are similarly situated in that they have substantially similar job duties and are subject to common and widespread compensation policies and/or practices.

58. Consistent with Goettl's policies and practices, Plaintiff and the FLSA Collective were not paid appropriate premium overtime compensation for all of the hours they worked in excess of forty (40) in an individual work week.

59. All of the work that Plaintiff and the FLSA Collective performed was assigned by Goettl and/or Goettl was aware of all of the unpaid work that Plaintiff and the FLSA Collective performed.

60. Upon information and belief, and as part of its regular business practices, Goettl has intentionally, willfully and repeatedly engaged in a practice and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective members.

61. Common questions exist as to whether Goettl's policies and/or practices include but are not limited to:

a. Willfully failing to pay Plaintiff and the FLSA Collective members overtime

---

[6] Pursuant to agreement of the Parties, Plaintiff's statute of limitations has been tolled effective December 12, 2024.

wages for hours that they worked in excess of forty (40) hours per week; and

b. Willfully failing to record all of the time that Plaintiff and the FLSA Collective worked for Goettl's benefit.

62. Plaintiff is the representative of the members of the FLSA Collective and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action.

63. Plaintiff will fairly and adequately represent and protect the interests of the members of the FLSA Collective. Plaintiff has retained counsel competent and experienced in employment and wage and hour class action and collective action litigation.

64. Upon information and belief, Goettl employs and has employed at least 100 Collective members within the applicable statute of limitations.

65. The similarly situated members of the FLSA Collective are known to Defendant, are readily identifiable, and may be located through Defendant's records. These similarly situated employees may readily be notified of this action and allowed to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, unpaid overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

66. Plaintiff contemplates providing a notice or notices to all members of the FLSA Collective, as approved by the Court. The notice or notices shall, among other things, advise each of the Technicians that they shall be entitled to "opt in" to the collective action if they so request by the date specified within the notice, and that any judgment on the collective action, whether favorable or not, entered in this case will bind all FLSA Collective members who timely request inclusion in the FLSA Collective.

## VI. CLASS ACTION ALLEGATIONS PURSUANT TO FED. R. CIV. P. 23

67. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

68. Plaintiff brings the Second through Ninth Causes of Action (the California Class Claims) as an "opt-out" class action pursuant to Federal Rule of Civil Procedure 23 on behalf of:

> All current and former employees of Defendant working as Technicians, however variously titled, in California at the start of their employment at any time from four years prior to the filing of this Complaint, as may be extended by equity, agreement of the Parties, or Court order, through resolution of this action (the "California Class").

69. **Numerosity**: Defendant has employed hundreds of Technicians during the applicable statutory period. The number of California Class members is therefore far too numerous to be individually joined in this lawsuit. Because Defendant is legally obligated to keep accurate payroll records, Plaintiff alleges that Defendant's records will establish the members of the Class as well as their numerosity.

70. **Common Questions of Law and Fact Exist**: There are questions of law and fact common to Plaintiff and the California Class members that predominate over any questions affecting only individual members of the California Class. These common questions of law and fact include, without limitation:

a. Whether Defendant employed Plaintiff and the California Class members within the meaning of the California Labor Code;

b. Whether Defendant failed to pay Plaintiff and the California Class members for all of the hours worked;

c. Whether Defendant failed to pay Plaintiff and the California Class the legally required amount of overtime compensation for hours worked in excess of 40 hours per workweek or 8 hours per day, in violation of the California Labor Code and the regulations promulgated thereunder;

d. Whether Defendant failed to provide meal and rest periods to California Class members;

e. Whether Defendant failed to provide accurate wage statements under California law;

f. Whether Defendant is liable for all damages claimed by Plaintiff and the California Class, including, without limitation, compensatory, punitive and statutory damages, interest, costs and disbursements, and attorneys' fees;

g. Whether Defendant should be enjoined from continuing to violate California law in the future.

71. **Typicality**: Plaintiff's claims are typical of the claims of the California Class. Defendant's common policies, practices, and course of conduct in violation of law as alleged herein have caused Plaintiff and the California Class to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the California Class.

72. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the California Class because Plaintiff's interests do not conflict with the interests of the members of the California Class he seeks to represent. Plaintiff has retained Counsel competent and experienced in complex employment and wage and hour class action litigation and intends to prosecute this action vigorously. Plaintiff and his Counsel will fairly and adequately protect the interests of the California Class.

73. **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all California Class members is not practicable, and questions of law and fact common to Plaintiff and California Class members predominate over any questions affecting only individual members of the California Class. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense. Furthermore, the expenses and burden of individualized litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

74. Plaintiff intends to send notice to all California Class members to the extent required under applicable class action procedures. Plaintiff contemplates providing a notice or notices to the California Class, as approved by the Court. The notice or notices shall, among other things, advise the California Class that they shall be entitled to "opt out" of the California Class if they so request by a date specified within the notice, and that any judgment on the California

Class, whether favorable or not, entered in this case will bind all California Class members except those who affirmatively exclude themselves by timely opting out.

**FIRST CAUSE OF ACTION**
**Violation of the Fair Labor Standards Act – Unpaid Overtime**
**(By Plaintiff Individually and on behalf of the FLSA Collective)**

75. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

76. The FLSA requires that covered employees receive compensation for all hours worked and overtime compensation at not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a work week. 29 U.S.C. § 207(a)(1).

77. At all times material herein, Plaintiff and the FLSA Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA.

78. Defendant is a covered employer required to comply with the FLSA's mandates

79. Defendant has violated the FLSA with respect to Plaintiff and the FLSA Collective, by, inter alia, requiring Plaintiff and FLSA Collective members to perform off-the - clock work, but failed to pay the federally mandated overtime compensation for this work, and failed to pay Plaintiff and other FLSA Collective members at the federally mandated rate of one and one-half times their regularly hourly wage. 29 U.S.C. § 207.

80. Plaintiff and the FLSA Collective are entitled to damages equal to the mandated pay, including straight time, and overtime premium pay within the three years preceding the filing of the original complaint, plus periods of tolling, because Defendant has acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

81. Defendant's violations of the FLSA were knowing and willful. Given that Plaintiff and the FLSA Collective utilized Defendant's timekeeping system to clock in and out, Defendant could have accounted for and properly compensated Plaintiff and the FLSA Collective for the work they performed off-the-clock but failed to do so.

82. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff

and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

83. As a result of the aforesaid violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective. Accordingly, Defendant is liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

## SECOND CAUSE OF ACTION

**Failure to Pay Overtime Wages, Cal. Labor Code §§ 510, 1194, and IWC Wage Order Nos. 4-2001 and 7-2001**
**(On Behalf of Plaintiff and the California Class)**

84. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

85. Plaintiff and California Class members regularly worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

86. Defendant intentionally and willfully failed to pay Plaintiff and the California Class overtime premium pay for all hours worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

87. Defendant's failure to pay Plaintiff and the California Class overtime compensation for all hours worked in excess of eight (8) hours in a day and/or forty (40) hours in a week violates the provisions of the California Labor Code §§ 510, 1194, and IWC Wage Order Nos. 4-2001 and 7-2001.

88. Due to Defendant's unlawful conduct, as set forth herein, Plaintiff and the California Class sustained damages, including loss of earnings for hours of overtime worked. Plaintiff and the California Class are entitled to damages, including overtime wages in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

**THIRD CAUSE OF ACTION**

**Failure to Provide Meal and Rest Breaks, Cal. Labor Code §§ 218.5, 226.7, 512, 1198, and IWC Wage Order Nos. 4-2001 and 7-2001**

**(On Behalf of Plaintiff and the California Class)**

89. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

90. California Labor Code § 226.7 prohibits an employer from requiring an employee to work during any meal period mandated by an applicable IWC Order. IWC Wage Order Nos. 4-2001 and 7-2001 impose an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four-hour work period, or major portion thereof, that must be in the middle of each applicable work period insofar as is practicable.

91. California Labor Code § 512(a) prohibits employers from employing a worker for more than five (5) hours without a meal period of at least thirty (30) minutes, or for more than ten hours without a second meal period of at least thirty (30) minutes.

92. California Labor Code § 226.7 also requires employers to pay non-exempt employees an additional hour of premium wages at the employee's regular rate of compensation on each workday that the employee is not provided with a rest or meal period.

93. California Labor Code § 1198 makes unlawful the employment of an employee under conditions prohibited by the IWC.

94. Under California Labor Code § 558, Defendant is also liable for civil penalties for failure to provide rest periods as follows: (1) for any initial violation, fifty dollars ($50) for Plaintiff or each Class Member for each pay period in which a rest period was not provided, and (2) for each subsequent violation, one hundred dollars ($100) for Plaintiff or each California Class Member for each pay period in which a rest period was not provided.

95. Defendant has a policy and/or practice of failing to provide the Plaintiff and the California Class with proper meal and rest breaks.

96. Defendant also has a policy and/or practice of failing to pay meal and rest break penalties to Plaintiff and the California Class when they did not receive proper meal and rest breaks as required by law.

97. As a direct and proximate result of Defendant's unlawful conduct as alleged herein, Plaintiff and the California Class have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount to be established at trial, and are entitled to recover economic and statutory damages, as well as interest, costs and reasonable attorneys' fees, and restitution pursuant to statute.

**<u>FOURTH CAUSE OF ACTION</u>**
**Failure to Timely Pay Wages, Cal. Labor Code §§ 204, 210**
**(On Behalf of Plaintiff and the California Class)**

98. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

99. California Labor Code § 204 requires biweekly payment of wages for all employees except salaried executive, administrative and professional employees covered by the FLSA, whom it requires employers to pay at least once per month.

100. California Labor Code § 210 makes any person subject to civil penalties for failing to timely pay employees as required by California Labor Code § 204.

101. Defendant failed to pay Plaintiff and the California Class all wages due and owing twice during each calendar month on their regular paydays, in that Defendant did not pay the Plaintiff and the California Class at all for the overtime hours they worked.

102. As a direct and proximate result of Defendant's unlawful conduct, as alleged herein, Plaintiff and the California Class are entitled to recover $100 for Defendant's initial violation, and $200 for each subsequent violation, plus twenty-five percent of the amount of wages unlawfully withheld, as well as interest, costs and reasonable attorneys' fees.

**<u>FIFTH CAUSE OF ACTION</u>**
**Failure to Pay Earned Wages Upon Discharge, Cal. Labor Code §§ 201, 202, 203**
**(On Behalf of Plaintiff and the California Class)**

103. Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

104. California Labor Code §§ 201 and 202 require employers to pay all compensation due and owing to their employees immediately upon discharge or within seventy-two hours of

their termination of employment. California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by §§ 201 and 202, then the employer is liable for "waiting time" penalties of up to thirty (30) days' wages.

105. Defendant willfully failed to pay Plaintiff and former employee California Class members compensation due upon termination or within seventy-two hours of their termination of employment as required by California Labor Code §§ 201 and 202. As a result, Defendant is liable to Plaintiff and former employee California Class members for waiting time penalties as provided under California Labor Code § 203, as well as reasonable attorneys' fees and costs. As a direct and proximate result of Defendant's unlawful conduct as alleged herein, Plaintiff and former employee California Class members have sustained economic damages in an amount to be established at trial, and are entitled to recover economic and statutory damages, as well as interest, costs, and reasonable attorneys' fees.

**SIXTH CAUSE OF ACTION**
**Failure to Provide Accurate Wage Statements, Cal. Labor Code §§ 226, 226.3**
**(On Behalf of Plaintiff and the California Class)**

106. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

107. Defendant knowingly and intentionally failed to provide Plaintiff and the California Class with timely, accurate, itemized wage statements including, inter alia, failing to provide wage statements which set forth their total hours actually worked, net wages actually earned, and overtime rates, in violation of California Labor Code § 226. Such failure injured Plaintiff and the California Class by, among other things, impeding them from knowing the amount of wages they were and are owed.

108. Plaintiff and the California Class are entitled to and seek injunctive relief requiring Defendant to comply with California Labor Code § 226(a), and further seek the amount provided under California Labor Code § 226(e), including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, up to $4,000 per employee.

Pursuant to California Labor Code § 226(g), Plaintiff and the California Class are entitled to injunctive relief to ensure Defendant's compliance with California Labor Code § 226.

109. As a direct and proximate result of Defendant's unlawful conduct as alleged herein Plaintiff and the California Class have sustained economic damages in an amount to be established at trial, and are entitled to recover economic and statutory damages, penalties, interest, costs, and reasonable attorneys' fees.

**SEVENTH CAUSE OF ACTION**
**Failure to Keep Requisite Payroll Records, Cal. Labor Code §§ 1174(d), 1174.5**
**(On Behalf of Plaintiff and the California Class)**

110. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

111. Defendant has intentionally and willfully failed to keep accurate and complete payroll records documenting the hours worked daily and the wages paid to Plaintiff and the California Class.

112. As a result of Defendant's violation of California Labor Code § 1174(d), Plaintiff and the California Class have suffered injury and damage to their statutorily-protected rights.

113. Specifically, Plaintiff and the California Class have been injured by Defendant's intentional and willful violation of California Labor Code § 1174(d) because they were denied both their legal right and protected interest in having available accurate and complete payroll records, as required by California Labor Code § 1174(d), and therefore Defendant should pay penalties pursuant to California Labor Code § 1174.5.

**EIGHTH CAUSE OF ACTION**
**(Business Expenses, Cal. Labor Code § 2802; Cal. Wage Order No. 4-2001**
**(On Behalf of Plaintiff and the California Class)**

114. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

115. Defendant required Plaintiff and the California Class to store company vehicles, which contain business tools and equipment, at their personal residences.

116. Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

117. Defendant failed to indemnify and reimburse Plaintiff and California Class members for necessary expenditures they incurred as a direct result of the duties they performed for their benefit and/or at their direction.

118. Wage Order 4(9)(b) provides that "When tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two (2) times the minimum wage provided herein may be required to provide and maintain hand tools and equipment customarily required by the trade or craft."

119. Defendant failed to provide reimbursement to Plaintiff and California Class members for necessary business expenses required to perform their duties, including the value of storing their company vehicles, which contained business tools and equipment, at their personal residences.

120. As a result, Plaintiff and California Class members seek their unreimbursed expenses, penalties, interest, costs incurred, and attorneys' fees pursuant to Labor Code § 2802(b) and Wage Order 4.

**NINTH CAUSE OF ACTION**

**Unlawful, Unfair, and/or Deceptive Business Practices, Cal. Bus. & Prof. Code §§ 17200, *et seq*.**

**(On Behalf of Plaintiff and the California Class)**

121. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

122. Defendant's failure to provide minimum wages, failure to pay overtime wages, failure to provide meal and rest breaks, failure to pay earned wages upon discharge, and failure to reimburse necessary business expenses are unlawful under California law as described herein. Therefore, these business practices are also unlawful and prohibited by California Business and Professions Code §§ 17200, et seq.

123. California Labor Code § 90.5 provides that it is the public policy of California to protect employees from working under unlawful conditions—and to protect employers who comply with the law from those who attempt to gain a competitive advantage at the expense of their workers. The actions of Defendant in committing the wage and hour violations described herein therefore constitute unfair, fraudulent, and/or deceptive business practices, within the meaning of California Business and Professions Code §§ 17200, et seq.

124. Plaintiff, individually and on behalf of all others similarly situated persons, is entitled to an injunction and/or other equitable relief against such unlawful practices in order to prevent future loss, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits. Plaintiff, and all other similarly situated persons, are entitled to full restitution and/or disgorgement of all profits earned as a result of Defendant's business acts and practices.

125. The illegal conduct alleged is continuing, and there is no indication that Defendant will discontinue such activity. Plaintiff alleges that if Defendant is not enjoined from the conduct set forth in this Complaint, Defendant will continue to engage in the wage and hour violations described herein.

126. Plaintiff further requests that the Court issue a preliminary and permanent injunction prohibiting Defendant from failing to provide minimum wages and failing to pay earned wages upon discharge.

127. Defendant committed the unlawful actions herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff and the California Class, from an improper and evil motive amounting to oppression, fraud, and/or malice, and in conscious disregard of the rights of Plaintiff and the California Class. Plaintiff and the California Class are therefore entitled to recover punitive damages from Defendant pursuant to California Civil Code § 3294, in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the FLSA Collective and the California Class are entitled to, and pray for the following relief:

a. Designation of this action as an FLSA collective action on behalf of Plaintiff and

the FLSA Collective, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b. Certification of the California Class pursuant to FED. R. CIV. P. 23(b)(2) and (b)(3), and the appointment of Plaintiff and his counsel to represent the members of the California Class;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, California Labor Code and California Business and Professions Code;

d. An injunction requiring Defendant to cease its unlawful practices under, and comply with the FLSA, California Labor Code and California Business and Professions Code;

e. An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay due under the FLSA;

f. An award of unpaid wages for all hours worked in excess of 40 in a workweek or 8 in a day at a rate of time and one-half of the regular rate of pay due under California Labor Code;

g. For one hour of pay at the regular rate or minimum rate of pay, whichever is higher, for every missed and/or inadequate meal period;

h. An award of liquidated damages as a result of Defendant's willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay pursuant to 29 U.S.C. § 216 and California Labor Code;

i. For waiting time penalties;

j. For civil penalties;

k. For restitution for all unlawful expenditures and losses incurred on behalf of Defendant;

l. An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

m. An award of prejudgment and post-judgment interest;

n. An award of costs and expenses of this action together with reasonable attorneys' and expert fees and an award of a service payment to the Plaintiff; and

o. Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: August 21, 2025

Respectfully Submitted,

*/s/ Leah L. Jones*
Leah L. Jones
leah@thiermanbuck.com
Joshua D. Buck
josh@thiermanbuck.com
**THIERMAN BUCK**
325 W. Liberty Street
Reno, NV 89501
(775)284-1500

Gregg I. Shavitz*
gshavitz@shavitzlaw.com
Paolo Meireles*
pmeireles@shavitzlaw.com
Tamra Givens*
tgivens@shavitzlaw.com
**Shavitz Law Group, P.A**.
622 Banyan Trail, Suite 200
Boca Raton, FL 33431
(561) 447-8888

**Pro Hac Vice* Application Forthcoming